UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| | : | |
| | : | |
| v. | : | **Violation: 18 U.S.C. § 1832** |
| | : | **[Theft of Trade Secrets]:** |
| **EDWARD R. GRANDE** | : | |

## I N F O R M A T I O N

The United States Attorney charges:

### COUNT 1

### The Defendant and Duracell Corporation

1. At all times relevant to this Information, **EDWARD R. GRANDE,** the defendant herein, resided in Seymour, Connecticut. Beginning in or about 1997, **GRANDE** began working at the Duracell Corporation ("Duracell") in Bethel, Connecticut. In or about 2006, **GRANDE** was a cell development technologist at Duracell with an annual salary of approximately $60,000.

2. At all times relevant to this Information, Duracell: (a) produced, among other products, alkaline batteries including AA batteries; (b) sold AA batteries in interstate and foreign commerce; (c) generated more than one billion dollars in revenue from the sale of such batteries; (d) owned a proprietary interest in its trade secrets, including scientific and technical information regarding its AA batteries, as this information had independent economic value in that it was not known, available or ascertainable by the public; and (e) employed reasonable measures to keep such information regarding its AA batteries secret.

3. As an employee of Duracell, **GRANDE,** who had executed a corporate conduct agreement, was expressly prohibited from sharing Duracell's proprietary information with Duracell's competitors.

**GRANDE Discloses Duracell Trade Secrets**

4. Beginning in or about March 2006, **GRANDE,** who had access to Duracell's proprietary information as part of his job responsibilities as a cell development technologist, electronically copied and downloaded to a computer file, research regarding Duracell's AA batteries without authorization to do so. **GRANDE** also removed copies of proprietary information by emailing the information to a home computer and by physically carrying the information from the Duracell offices.

5. From in or about March 2006 to June 2006, **GRANDE** sent and mailed Duracell trade secrets regarding its AA batteries to two of Duracell's competitors with the intention of causing economic injury to Duracell. While **GRANDE** intended that two of Duracell's competitors would use the trade secret information to obtain an economic advantage over Duracell and to injure Duracell, neither of the competitors had requested or solicited such information.

6. From at least as early as in or about March 2006 to at least as late as in or about June 2006, defendant **EDWARD R. GRANDE**, in the District of Connecticut and elsewhere, did knowingly and intentionally, and without authorization to do so, copy, duplicate, and download to a computer file Duracell's trade secret information and thereafter send and mail this information to Duracell's competitors, that was related to and included in a product that was produced for and placed in interstate and foreign commerce, with intent to convert such trade secret information to the economic benefit of such competitors and to injure Duracell, the owner of such information.

In violation of Title 18, United States Code, Section 1832(a)(2).

/S/
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/S/
ALEX V. HERNANDEZ
SUPERVISORY ASSISTANT U.S. ATTORNEY

/S/
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL